## Wynkoop, Appellant, *v.* Argue.

*Landlord and tenant—Lease—Assignment—Notice.*

Where a lease contains a provision that it shall be assignable to a corporation named, or to a company having a capital of $50,000, and it appears that the corporation named was not in existence at the date of the lease, the lessor is entitled to notice of any assignment made in pursuance of the lease.

Argued Dec. 7, 1906.   Appeal, No. 214, Oct. T., 1906, by plaintiffs, from judgment of C. P. Montgomery Co., June T., 1905, No. 22, on verdict for defendant in case of Charles H. Wynkoop et al., trading as Contractors' Equipment Company, v. Bertha E. Argue, owner, Oliver P. Fisher, tenant, and Lemuel G. Rodenbaugh, constable.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Replevin for goods distrained.   Before WEAND, J.
The facts appear by the opinion of the Superior Court.
Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* appear by the opinion of the Superior Court.

*G. Rodman Fox,* with him *Francis S. Laws* and *N. H. Larzelere,* for appellants, cited : Fennell v. Guffey, 139 Pa. 341 ; Goss v. Fire Brick Co., 4 Pa. Superior Ct. 167 ; Watt v. Equitable Gas Co., 8 Pa. Superior Ct. 618 ; Kline v. Jacobs, 68 Pa. 57.

*J. A. Strassburger,* for appellees.—The case at bar is ruled squarely in Jones v. Gundrim, 3. W. & S. 531.

OPINION BY BEAVER, J., February 25, 1907:

Bertha E. Argue, one of the defendants, by a written agreement, dated April 1, 1904, leased to Oliver P. Fisher, another of the defendants, a certain quarry, therein fully described, "for a term of ten years from the 1st day of April A. D. 1904, and the rent of said quarry to be a royalty of (5) five cents per ton on all stone mined and shipped during the term of this lease, payable in monthly payments on the first to the tenth day of each month for all stone mined and shipped during the preceding month, according to the railroad weight of stone.    And it is hereby agreed and understood that the lessee shall mine or pay for not less than a minimum output of twenty-five thousand tons of stone per annum on the basis of two hundred and fifty working days in each year, and at the rate of one hundred tons of stone each working day, after August the 1st, A. D. 1904, and no excess stone to be carried forward on the credit of the ensuing year.    If the said lessee fails to commence placing their machinery or material on the premises herein mentioned on or before the twentieth day of July A. D. 1904, then this lease shall become null and void."

It was further provided in the said lease: "And it is expressly agreed that this lease is assignable to the Standard Crushed Stone Company, or a company having a capital of fifty thousand dollars, to which assignment the lessor hereby gives her written consent, and at the expiration of said term the lessees shall immediately surrender peaceable possession of the premises unto the said lessor."

On March 6, 1905, the said Bertha E. Argue issued her landlord's warrant to Lemuel G. Rodenbaugh, another of the defendants, against Oliver P. Fisher, claiming a balance of rent due her at that date of $729.25.    The bailiff, to whom the landlord's warrant was addressed, distrained for rent alleged to be due, levying upon certain goods and chattels found upon the demised premises, and, after the usual appraisement, advertised them for sale.    The plaintiffs thereupon issued their writ of replevin, claiming that the goods and chattels levied upon by the bailiff were their property.    The property levied upon was replevied and delivered to the plaintiffs, who filed a bond, with surety, in the penal sum of $3,000.    Upon the trial of the replevin, the jury returned a verdict " in favor of Bertha Argue,

Deft., for $781.00 rent due, and $900.00 for value of goods, enumerated in Deft. (sic) statement."

The court below, in submitting the case to the jury, left it for them to determine: first, whether or not there was rent due and, if so, how much; second, whether Fisher, against whom the landlord's warrant was issued, was the real tenant, and incidentally whether or not an alleged assignment made by Fisher to the Standard Crushed Stone Company was in fact made, as it purported, on the day on which it bore date; and, third, whether or not the defendant, Mrs. Argue, had been notified of said assignment. These were all disputed questions of fact and were all found in favor of the defendants by the jury. The court, however, in submitting them to the jury, reserved "the question of law as to whether there is any evidence to be submitted to the jury, entitling the defendant to recover." On a motion for judgment, n. o. v., it was refused, and the motion overruled, and judgment entered upon the verdict.

The only specification of error originally filed was: "The court erred in refusing to enter judgment in favor of the plaintiffs upon the question reserved." Subsequently two additional assignments of error were filed, in which portions of the charge of the court are assigned for error. It does not appear from the record, as printed by the appellants, however, that any exception was taken by the plaintiffs to the charge of the court below.

The entries, as contained in the appellants' paper-book, are:

" Counsel for defendants except to the charge of the learned judge. Bill sealed.

" Counsel for plaintiffs requested the learned judge to direct the stenographer to transcribe the notes of testimony and charge of the court in this case, and file the same of record, which request was granted and the stenographer so directed."

Inasmuch, however, as the appellee, who, we assume, had knowledge of the filing of the additional assignments of error has raised no question as to their regularity, we will dispose of them as if they were based upon an exception and were regularly filed in due time.

The first was as to the court's charge in regard to the bona fides of the assignment to the Standard Crushed Stone Company, and the second as to the necessity of notice of such assignment to the appellee.

The question as to whether or not the assignment by Fisher to the Standard Crushed Stone Company actually took place at the time at which it purported to be dated was a distinct question of fact in the case. It was urged and argued by the appellee that it bore internal evidence of being made at a time other than its date. Assuming that this was a question for the jury, we can see no error whatever in the manner in which it was submitted.

After disposing of the question of the bona fides of the assignment, the court said, which is also assigned for error : " The plaintiffs, however, cannot rest there, even if you should find that point in their favor, because Mrs. Argue would not be bound by that assignment, unless she had notice of it, so that she might know who her tenant really was." The appellants argue that this was error, because the original lease contained the clause already referred to, in which it was agreed : " That this lease is assignable to the Standard Crushed Stone Company, or a company having a capital of $50,000, to which assignment the lessor hereby gives her written consent."

It is to be observed that the Standard Crushed Stone Company was not incorporated at the time of the execution of the lease. It is true that the appellee gave her written consent to the assignment when made, but it was to be made in the future either to the Standard Crushed Stone Company or some other corporation having a capital of $50,000. She was, therefore, entitled to notice that this provision of the lease had actually been carried into effect, in order that, as the court below says, " she might know who her tenant really was." This detached sentence from a long paragraph, in which the court sets forth the testimony on the one side and the other as to the question of notice, is scarcely fair to the court. After pursuing the subject at considerable length, covering a full page of the appellants' paper-book, the court ends the discussion as follows : " This is the important fact for you to pass upon in this case : After June 24, 1904, who was the real tenant of that property, as known by Mrs. Argue ? If it was the Standard Crushed Stone Company and she had notice of it, then your verdict must be in favor of the plaintiffs, because then Mr. Fisher owed no rent and the distraint was against the wrong party."

We can see no error either in the submission of this question

to the jury or in the manner in which it was submitted. Notwithstanding the fact that the appellee assented to the assignment of the lease to the Standard Crushed Stone Company, or such a corporation as was then in contemplation, she was entitled to notice of the assignment, in order that she might govern herself understandingly in reference to her treatment of the corporation. Fisher was bound to her by the contract. In case of an assignment to a corporation, its obligation grew out of the privity of estate which could be laid down at any time. Her treatment of such a corporation might be entirely different from that which she might accord to the person with whom she made the contract. We cannot see that the stipulation for the assignment, as contained in the original agreement, in any way waived her right to notice, when such assignment was in fact made.

Giving full validity to the appellants' assignments of error, we can find nothing in the case which warrants us in sustaining any of them.

Judgment affirmed.